```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X

LEATRICE HARRIS,
                              Plaintiff,

    - against -
                                                    ORDER
ZSA ZSA MILLINGTON,
                                              CV 2007-3391 (ERK)(MDG)
                              Defendant.

- - - - - - - - - - - - - - - - - -X
```

By letter dated March 11, 2008 (ct. doc. 20), Richard Wright, counsel of record for Leatrice Harris, deceased, seeks to substitute[1] as plaintiff in this action the co-fiduciaries who have recently been appointed as personal representatives of the decedent. Defendant having no general objection to substitution, the motion is granted with the following qualifications and observations.

First, Rule 17(a) of the Federal Rules of Civil Procedure states that "[a]n action must be prosecuted in the name of the real party in interest[,]" including an executor or an administrator who "may sue in their own names without joining the person for whose benefit the action is brought." Fed. R. Civ. P. 17(a). The determination of legal capacity to sue must be made under the law of the forum state. Fed. R. Civ. P. 17(b)(3). Under New York law, actions "for injury to person or property" survive the death of a litigant and "may be brought or continued

---

[1] Plaintiff filed the application as a "motion to amend/correct" which the Court has corrected to be a motion to substitute party.

by the personal representative of the decedent..." N.Y. Estates, Powers and Trusts Law § 11-3.2(b); Johnson v. Morgenthau, 160 F.3d 897, 898 (2d Cir. 1998). Because they have been issued Letters Testamentary and Administration CTA by the Queens County Surrogate's Court, JENNIFER BEARE, AS EXECUTOR, and RICHARD WRIGHT, AS ADMINISTRATOR C.T.A., OF THE ESTATE OF LEATRICE HARRIS should be, and are hereby, substituted as plaintiffs and counterclaim defendants.

More importantly, as defendant correctly notes, substitution of Mr. Wright as administrator c.t.a. raises serious questions whether he may properly continue as counsel for plaintiffs, setting aside the issue whether Mr. Wright's testimony may be required with respect to issues in this case. While this Court understands that appointment of a co-fiduciary is required in conjunction with appointment of Jennifer Beare, a non-resident alien, see N.Y. Surrogate's Court Proc. Act § 707, and that Mr. Wright may perform primarily ministerial actions, this Court is skeptical how Mr. Wright will be able to meet his ethical and professional obligations under Canon 5 of the New York Code of Professional Responsibility in his dual role.

The question of disqualification shall be further discussed following the next conference.

**SO ORDERED.**

Dated: Brooklyn, New York
March 17, 2008

/s/_____
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE