**MINUTE ORDER**

**JENNIFER BEARE, as Executor, and RICHARD WRIGHT, as Administrator C.T.A., OF THE ESTATE OF LEATRICE HARRIS V. ZSA ZSA MILLINGTON, 07cv03391 (ERK)**

This order summarizes and clarifies rulings made at a conference on May 20, 2009 with respect to various discovery motions filed by both plaintiff and defendant (ct. docs. 45, 46):

Defendant's motion to dismiss and motion to strike pleadings

(1) Ms. Millington should consider the Court's comments regarding her motion to dismiss because of plaintiff's failure to substitute and her motion to strike the plaintiff's pleadings. She should file a letter with the Court by May 27, 2009 indicating her position on her motion to dismiss based on Fed. R. Civ. P. 25(a) and listing all people she seeks to depose.

Plaintiff's motion to compel: depositions

(2) As discussed with both sides, depositions of the defendant and certain non-parties shall be held as follows:
   (a) The deposition of the defendant shall be held on June 1, 2009 and June 2, 2009 beginning at 10:00 a.m. and shall extend for at least half a day or longer, if the defendant is able to continue.
   (b) Defendant agreed to arrange for non-party witnesses Leila Millington and Toni Mials to appear for depositions to be held between June 3, 2009 and June 5, 2009. Defendant shall email plaintiff's by May 21, 2009 of the dates that these witnesses are avilable.
   (c) The deposition of Jenille Harris is set for June 4, 2009 or, if the depositions of Leila Millington and/or Toni Mials need to be held on June 4, then on June 3 or June 5.

(3) Defendant must bring the original deed to her deposition or one of the other depositions for review by plaintiff's expert, upon notice by plaintiff's counsel of the date for the examination.

(4) Plaintiffs shall send defendant a list of any other people they seek to depose. Defendant shall provide plaintiffs with the contact information, including addresses, for those persons within a week of receiving plaintiffs' list.

(5) Defendant shall arrange for the deposition of her husband, Ricardo Harewood, and promptly advise plaintiffs' counsel of the

dates he is available for a deposition during the weeks of June 8 or June 15.

Plaintiffs' motion to compel discovery responses

(6) The Court finds that the discovery sought by plaintiffs are relevant and not protected from disclosure as work product or any other privilege. This aspect of plaintiff's motion is granted as follows:
    (a) Defendant shall turn over any tapes of Leatrice Harris to plaintiffs by 5/27/09.
    (b) Defendant must produce the documents responsive to plaintiffs' document requests 3, 4, 5, 6, 7, 9, 10, 11, and 12 by 6/1/2009.

Cross motions with respect to the premises

(7) The insurance adjustor may access the property provided that defendant provides plaintiffs with information concerning the insurance policy and adjustor and give five business days' written notice of the inspection.

(8) Defendant shall provide plaintiff with a list of her personal property at the residence and a copy of the letter from Mr. Polizzotto concerning the personal property. No party shall remove any personal property from the property without the other side being present. The parties should document and photograph those items removed from the property.

(9) Either side may visit the property with five business days' prior notice to the other side.

Defendant's motion for an extension of discovery

(10) After an in camera inspection of medical records submitted by defendant, the Court finds that Ms. Millington has not presented sufficient evidence of a medical condition or combination of conditions to justify any substantial extension of the discovery scheduled. In any event, defendant appears to have been able to conduct a lengthy deposition of Jennifer Beare and participate in court conferences without difficulty. If defendant submits any further personal medical information to the Court in connection with a future application, she must also provide a copy to counsel for plaintiffs. Counsel for plaintiffs must maintain the confidentiality of the records and may not disclose the records to any person, even his clients, except to the extent necessary to enable understanding of the records.

(11)  Nonetheless, because depositions of the defendant and non-parties have not been taken, the discovery schedule is extended as follows:
    (a)  Fact discovery must be completed by 6/30/09.
    (b)  Both parties indicated that they will retain a handwriting expert.  They must exchange expert reports and disclosures by July 15, 2009.
    (c)  If either party intends to call any other expert for trial, other than in rebuttal, that party must give notice by June 30, 2009 of the type of expert to be retained, areas of expertise and general subject matter to be addressed by the expert.

**SO ORDERED.**

Dated:  Brooklyn, New York
       May 28, 2009

                                        /s/
                                   MARILYN D. GO
                                   UNITED STATES MAGISTRATE JUDGE