**MINUTE ORDER**

**JENNIFER BEARE, as Executris, and RICHARD WRIGHT, as Administrator C.T.A., OF THE ESTATE OF LEATRICE HARRIS V. ZSA ZSA MILLINGTON, 07cv03391(ERK)**

This order sets forth and further elaborates on rulings made at a conference on July 2, 2009 with respect to various discovery motions filed by both plaintiff and defendant (ct. docs. 52, 53, 55, 57):

1. <u>Defendant's Motion to Compel and for Sanctions</u> (ct. doc. 55)
   These motion are denied in part as follows:
   (a) Defendant's motion with respect to production of documents and answers that plaintiff has agreed to provide are denied without prejudice. Plaintiff must produce the outstanding discovery and/or respond to this portion of defendant's motion by July 15, 2009. Decision is reserved on those aspects of the motion to compel to which plaintiff will be responding.

   (b) Defendant's request to compel the deposition of Richard Wright is denied without prejudice. As the Court has explained, the thought processes of Mr. Wright, the attorney for the plaintiff executrix, are protected by privilege. For the same reason, defendant's request for a subpoena for documents in Mr. Wright's files is denied. However, to the extent that defendant has made an appropriate request of plaintiffs for documents relevant to issues in this action, those documents are not shielded from discovery simply because they are now contained in the files of Mr. Wright, as attorney.
   If defendant seeks to make a further motion to compel a deposition of Mr. Wright, she must describe the areas of information that she seeks from him and discuss why such information would not be protected under the attorney-client privilege or as work product.

   (c) Defendant's request for sanctions with respect to Hyacinth Hutchinson's entry on the property at issue is denied. The Court declines to issue an order against non-parties regarding the maintenance of the subject premises, since these issues are not properly brought within the Court's jurisdiction.

   (d) Defendant's request for sanctions because of wilful fabrication in affidavits of Ms. Hutchinson and plaintiffs is denied since the statements defendant challenges concern disputed issues of fact that need to be resolved at trial.

2. <u>Defendant's Motions for a Protective Order and for Urgent Medical Leave</u> (Ct. docs. 52, 57)

   These motions are, in large part, denied, as follows:

(a)  Ms. Millington again seeks relief claiming that she is physically unable to be deposed.  The Court was not previously persuaded from medical evidence that she presented that she had any medical condition, singly or in combination with other conditions, that prevented her from participating in this action.  To be sure, she has been able to engage in discovery and express herself at prior conferences without difficulty.  The Court finds that the most current medical note that defendant provided against is not sufficient to support her claim of disability.  Thus, the defendant's request to terminate or delay her deposition is denied.  However, in deference to her claim that her voice is affected by her medical condition and/or treatment, the Court agrees that the deposition should be subject to a time limit of two additional half days, provided that there is no unreasonable delay caused by defendant for the continuation.

(b)  Defendant was advised that if she feels that plaintiff's counsel dwells on topics unnecessarily or asks for documents not in her possession, she may seek court intervention during the deposition.

(c)  Insofar as defendant's claim of privilege is based on her personal documents and documents she has received from non-parties and other persons or entities other than her prior counsel, defendant has no valid claim of privilege, as this court previously found.  Many, if not all, of these are directly relevant to the issues in this case, as previously discussed.  However, she may redact confidential material in communications between her and her prior counsel, except for communications specifically delineating her personal property at the premises at issue.  Since she had previously stated that she had provided her prior counsel with a list and intends to rely on that list, she has waived the right to claim that this information is privileged.

3. Plaintiffs' Prior Discovery Request
(a)  Defendant must bring the original deed to all of her remaining depositions to facilitate examination by plaintiff's expert.  If the inspection cannot be easily arranged, defendant must, upon request by plaintiffs' counsel, deposit the original deed with the Court once her expert has reviewed the deed the week of July 6, 2009, and notify plaintiff of this.  Plaintiff shall arrange for their expert to review the deed at the Courthouse.

(b) Although defendant agreed to arrange for non-party witnesses Leila Millington and Toni Mials to appear for depositions to be held between June 3, 2009 and June 5, 2009, defendant claims she is no longer able to do so. Plaintiff shall promptly move to compel compliance with subpoenas which have been

served on Ms. Millington and Ms. Mials. If the witnesses do not comply with any deadline set by the Court, plaintiffs must promptly make a further application by Orders to Show Cause made returnable on August 19, 2009. The Court once again strongly encourages defendant to coordinate the depositions of these witnesses with plaintiff's counsel, and to ensure that they will not be subject to contempt.

(c) Although not directly discussed at the conference, defendant's motion to quash subpoenas (ct. 53) directed at her relatives and the Mials is denied. Implicit in the discussion at this conference and the prior conference, the Court finds the deponents may have discoverable information. To the extent that service of the subpoenas was defective, that issue can be addressed should plaintiff move to compel  In any event, the defendant, who is not the recipient of the subpoenas, does not have standing to object to them. Langford v. Chrysler Motors Corp., 513 F.2d 1121, 1126 (2d Cir. 1975) ("a party usually does not have standing to object to a subpoena directed to a non-party witness").

### 4. Plaintiffs' oral motion for full medical records

As defendant has placed her medical conditions at issue in this case, the Court finds plaintiffs shall be entitled to defendant's full medical records from January 1, 2009. Defendant must promptly identify the medical service providers who have treated her and provide appropriate authorizations for release of records. Counsel for plaintiff must maintain the confidentiality of all medical records and may not disclose the records except as may be necessary in this litigation.

### 5. Cross-motions for an extension of discovery

The cross-motions for an extension of discovery is granted. Fact discovery is extended to August 14, 2009.

The Court shall hold a status conference on August 19, 2009 at 2:30 p.m. in Courtroom 11C.

**SO ORDERED.**

Dated:  Brooklyn, New York
        July 10, 2009

                                    /s/
                                    MARILYN D. GO
                                    UNITED STATES MAGISTRATE JUDGE