UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - X

JENNIFER BEARE, as Executrix, and
RICHARD WRIGHT, as Administrator,
C.T.A., of the Estate of LEATRICE
HARRIS,

                           Plaintiffs,    REPORT AND
                                               RECOMMENDATION

     - against -                CV 2007-3391 (ERK)(MDG)

ZSA ZSA MILLINGTON,

                           Defendant.

- - - - - - - - - - - - - - - - - - X

GO, UNITED STATES MAGISTRATE JUDGE:

    Leatrice Harris (the "decedent") brought this diversity action seeking, <u>inter alia</u>, to set aside a transfer of real property made by her to defendant <u>pro se</u> Zsa Zsa Millington (the "defendant"). The Honorable Edward R. Korman has referred to me the motion of defendant Zsa Zsa Millington to dismiss the decedent's amended complaint pursuant to Fed. R. Civ. P. 25(a) for failure to substitute within ninety days after the decedent's counsel served a suggestion of the death of the decedent. <u>See</u> ct. doc. 51. For the reasons that follow, I respectfully recommend that the defendant's motion to dismiss be denied.

<u>BACKGROUND</u>

    Shortly after commencing this action, the decedent's counsel advised the Court by letter dated October 29, 2007 that his

client had died on October 28, 2007.  See ct. doc. 15.  By electronic order filed on October 30, 2007, this Court deemed the letter to be a suggestion of death on the record, triggering the 90-day period for substitution under Fed. R. Civ. P. 25(a).  Id. On February 19, 2008, 112 days after October 30, 2007, the decedent's counsel filed a motion for an extension of time to move for substitution because the Surrogate's Court had not yet appointed an administrator for plaintiff's estate.  Ct. doc. 18. By endorsed electronic order filed on February 20, 2008, I granted an extension until February 28, 2008.  On February 28, 2008, the decedent's counsel moved to amend the caption to substitute himself and Jennifer Beare as fiduciaries of the estate of the decedent.  Ct. doc. 19.  I denied the motion to amend because the application for appointment of an administrator was still pending in the Surrogate's Court, but granted a further extension until March 11, 2008.  Defendant did not oppose either motion.  On March 11, 2008, after the Surrogate's Court had appointed the executrix and administrator for decedent's estate, the decedent's counsel again moved to amend the caption of the complaint.  Ct. doc. 20.  Treating the motion as one for substitution, I granted the motion without opposition from the defendant in an order filed on March 17, 2008.[1]  Ct. doc. 21.  By

---

[1] The Order directs substitution of Jennifer Beare, as Executrix, and Richard Wright, as Administrator, C.T.A., of the estate of Leatrice Harris.  Ct. doc. 21.  These two individuals,
(continued...)

motion dated May 26, 2009, the defendant moved to dismiss the action for failure to comply with Rule 25(a). Ct. doc. 51.

## DISCUSSION

Rule 25(a)(1) of the Federal Rules of Civil Procedure provides that:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. . . . If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). Although the plaintiff failed to move for substitution or for an extension of time within the ninety days specified by Rule 25(a), this Court subsequently twice extended plaintiff's time to substitute. After having failed to oppose substitution, the defendant now seeks to overturn this Court's prior orders granting substitution and extensions of time for plaintiff's counsel to move to substitute a proper party for the decedent.

The orders granting the extensions of time and substitution are non-dispositive and therefore fall within the purview of Fed.

---

[1](...continued)
as the personal representatives of the decedent, are the real parties in interest authorized to continue this suit on the decedent's behalf. See Fed. R. Civ. P. 17(c) (executors or administrators may sue "in their own names"). Hereafter, the parties must use the caption used in this Report and Recommendation.

R. Civ. P. 72(a).[2]  The defendant failed to timely appeal the Court's orders or otherwise challenge them until the instant motion dated May 26, 2009, more than one year later.  Therefore, the defendant waived her right to argue that substitution was untimely.  See Caidor v. Onondaga County, 517 F.3d 601, 602-603 (2d Cir. 2008).

In any event, the failure to file a motion for substitution within the ninety-day period is not an automatic ground for dismissal of the action.  Kernisant v. City of New York, 225 F.R.D. 422, 426-27 (E.D.N.Y. 2005).  A party experiencing difficulty in identifying a successor to a deceased party can bring a motion to extend the time to substitute beyond the ninety-day period under Rule 25(a).  Jones Inlet Marina, Inc. v. Inglima, 204 F.R.D. 238, 239 (E.D.N.Y. 2001).  Courts have extended the time to file a motion for substitution both before and after the expiration of the ninety-day period.  Kernisant, 225 F.R.D. at 427.

---

[2] "When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision.  A party may serve and file objections to the order within 10 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a).

The Court has discretion to extend the time for substitution after the ninety-day period has expired when the failure to act within that period was the result of excusable neglect. Continental Bank, N.A. v. Meyer, 10 F.3d 1293, 1297 (7th Cir. 1993); Staggers v. Otto Gerdau Co., 359 F.2d 296 (2d Cir. 1966) (allowing motion to substitute despite being two days late); Fed. R. Civ. P. 6(b)(1)(B); 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure, § 1955 (3d ed. 2007). "The history of Rule 25(a) and Rule 6(b) makes it clear that the 90 day time period was not intended to act as a bar to otherwise meritorious actions, and exclusions of the period may be liberally granted." Continental Bank, 10 F.3d at 1297 (quoting Tatterson v. Koppers Co., 104 F.R.D. 19, 20 (W.D. Pa. 1984)). Although the decedent's counsel did not move for an extension of time until approximately three weeks after the ninety-day period under Rule 25(a) had expired, it appears that the plaintiff's counsel had made a diligent effort to obtain appointment of an administrator in the Surrogate's Court. See ct. doc. 18. Since the plaintiffs had no control over when the Surrogate's Court would act in appointing an executrix and the defendant has not identified any prejudice as a result of the short delay involved, extensions of plaintiff's time to move to substitute was proper. See Pioneer Inv. Serv. v. Brunswick Assoc., 507 U.S. 380, 394-95 (1993) (a determination whether extension is warranted because of "excusable neglect" is an

equitable inquiry based on "all relevant circumstances," including the danger of prejudice to other parties, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith).

## CONCLUSION

For the foregoing reasons, I recommend that this Court deny the defendant's motion to dismiss.

A copy of this report is being electronically filed and mailed to the defendant pro se. Any objections to this report and recommendation must be filed with the Clerk of the Court, with a copy to the Honorable Edward R. Korman and the other party, on or before August 17, 2009. Failure to file objections within the specified time waives the right to appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

SO ORDERED.

Dated:   Brooklyn, New York
         July 30, 2009

                               /s/
                               MARILYN DOLAN GO
                               UNITED STATES MAGISTRATE JUDGE