```
UNITED STATES DISTRICT COURT           THIS ORDER CONCERNS
EASTERN DISTRICT OF NEW YORK           SUBPOENAS SERVED ON:
- - - - - - - - - - - - - - - - - -X    **LEILA MILLINGTON**
                                        **ILENE MIALS**
JENNIFER BEARE, as Executrix, and       **ELOISE HEADLEY**
RICHARD WRIGHT, as Administrator,       **MPHAHLELE LUKMAN**
C.T.A., of the Estate of LEATRICE       **EMMANUEL BAPTISTE**
HARRIS,                                 **LIESA MILLINGTON**

                    Plaintiffs,

     - against -                        ORDER

ZSA ZSA MILLINGTON,                     07-CV-3391 (ERK)(MDG)

                    Defendant.
- - - - - - - - - - - - - - - - - -X
```

Plaintiffs have moved, inter alia, to compel 1) Leila Millington, a non-party, to produce handwriting exemplars and 2) non-parties Emmanuel Baptiste, Eloise Headley, Liesa Millington, Ilene Mials and Mphahlele Lukman to comply with subpoenas requiring each to produce documents and testify at a deposition. Ct. doc. 69.[1] For the foregoing reasons, plaintiffs' motion is granted in part and denied in part.

## DISCUSSION

I. Handwriting Exemplars of Leila Millington

At the deposition of non-party Leila Millington held on October 12, 2009, plaintiffs' counsel requested that Ms. Millington provide a handwriting sample. Affirmation of Richard

---

[1] The motion papers also cover plaintiffs' discovery disputes with defendant and an application for appointment of a receiver.

Wright dated December 16, 2009 ("Wright Aff."), Exh. K at 291. Defendant's counsel objected to that request on the grounds that it was not a proper discovery device and Ms. Millington did not provide the sample. Id. at 291-94. At a court conference held on November 10, 2009, plaintiff's counsel requested an order from the Court compelling Ms. Millington to provide a handwriting sample. Defendant's counsel opposed the application on the groundS that Ms. Millington's handwriting was not relevant to the issues raised in this action. I denied plaintiff's counsel's oral request without prejudice to a further application in writing. See minute entry dated November 13, 2009.

The Advisory Committee Notes to Rule 45 of the Federal Rules of Civil Procedure provide that "a non-party witness is subject to the same scope of discovery under this rule as that person would be as a party to whom a request is addressed pursuant to Rule 34." Advisory Committee Notes, 1991 Amendments to Fed. R. Civ. P. 45. Rule 34 permits a party to inspect, copy, test or sample writings as long as the discovery is relevant and appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b), 34. Accordingly, courts have increasingly required the production of handwriting exemplars in the course of civil discovery. See Harris v. Athol-Royalston Regional Sch. Dist. Comm., 200 F.R.D. 18, 20-21 (D. Mass. 2001); Wilstein v. San Tropai Condominium Master Assoc., 189 F.R.D. 371, 382-83 (N.D. Ill. 1999); Rali Kalfas v. E.F. Hutton & Co., No.

CV-86-3414, 1987 WL 10831, at *9 (E.D.N.Y. April 30, 1987); Blatt v. Shearson Lehman/American Express Inc., No. 84 Civ. 7715, 1985 WL 2029, at *2 (S.D.N.Y. July 16, 1985); cf. U.S. v. Euge, 444 U.S. 707 (1980) (noting that under common law, witnesses traditionally had a broad duty to provide "relevant, non-privileged evidence," including nontestimonial physical evidence). Similarly, courts have frequently allowed handwriting exemplars in criminal trials pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure which provides for the production of documents before trial. See U.S. v. Ojeikere, nO. 03 CR 581, 2005 WL 425492, at *4 (S.D.N.Y. Feb. 18, 2005); U.S. v. Miranda, No. 93 Cr. 0108, 1993 WL 410507, at *7 (S.D.N.Y. Oct. 13, 1993); U.S. v. McKeon, 558 F. Supp. 1243, 1244 (E.D.N.Y. 1983). Thus, I conclude that the rules of civil discovery permit the taking of handwriting exemplars of a non-party.

Plaintiffs argue that they need exemplars of Ms. Millington's handwriting to determine whether Ms. Millington filled-in portions of the quitclaim deed and power of attorney at issue in this case. In addition, plaintiff contends that the handwriting sample is relevant to whether Ms. Millington's handwriting appears on two other quitclaim deeds and a power of attorney that are similar to those purportedly executed by the decedent. I find that an analysis of handwriting exemplars of Ms. Millington is relevant to discovering the circumstances surrounding the decedent's execution of the deed and power of

attorney at issue in this case.  Although it would have been preferable for the handwriting exemplars to have been taken at Ms. Millington's deposition, Ms. Millington must provide handwriting exemplars according to the procedure designed by plaintiff's expert by February 28, 2010.

This Court notes that plaintiffs have failed to indicate in their motion papers whether they have served Leila Millington or any of the other non-parties with the motion to compel, even though plaintiffs have stated that motion papers were served upon counsel for defendant.  However, since Paul Golden, counsel for defendant, has filed opposition contesting that part of the motion seeking relief against Leila Millington, who is the mother of defendant Zsa Zsa Millington, Ms. Leila Millington clearly has had notice of this application.

II.  <u>Deposition of Ilene Mials</u>

At the conference held on November 10, 2009, I denied plaintiff's request to depose non-party Ilene Mials without prejudice to "a prompt application showing need."  <u>See</u> minute entry dated November 10, 2009.  Plaintiff now argues that Ms. Mials' deposition is necessary because she and Leila Millington are grantees of two properties located in Brooklyn that were transferred pursuant to quitclaim deeds that are similar to the quitclaim deed at issue in this case and that two witnesses testified were prepared by the decedent.  Furthermore, plaintiff contends that Ms. Mials' testimony is relevant to test her

daughter's, Toni Mials', testimony that she and her mother spent holidays with the decedent.

Plaintiffs have already taken the depositions of Toni Mials, the grantor of the two Brooklyn properties referenced above, and Leila Millington, the co-grantee of the two Brooklyn properties. Both witnesses were questioned about the two Brooklyn property transfers and the relationship between the decedent, the defendant, Leila Millington, Toni Mials and Ilene Mials. Plaintiff has not described any testimony that could be elicited from Ilene Mials that would not be unreasonably cumulative of the testimony of other deponents. See Fed. R. Civ. P. 26(b)(2)(C). Thus, plaintiff's request to depose Ilene Mials is denied.

III. Depositions of Eloise Headley, Emmanuel Baptiste, Liesa Millington and Mphahlele Lukman

Plaintiffs seek to compel the appearance of non-parties Eloise Headley, Emmanuel Baptiste, Liesa Millington and Mphahlele Lukman who have been served with deposition subpoenas.

Rule 45 of the Federal Rules of Civil Procedure provides that an attorney, as an officer of the court, may issue a subpoena on behalf of a court in which the attorney is authorized to practice, or for a court in a district in which a document production is compelled by the subpoena. Fed. R. Civ. P. 45(a)(3). Valid attorney-issued subpoenas under Rule 45(a)(3) operate as enforceable mandates of the court on whose behalf they are served. See, e.g., Advisory Committee Notes, 1991 Amendment

to Fed. R. Civ. P. 45; Board of Governors of Federal Reserve System v. Pharaon, 140 F.R.D. 634, 641-42 (S.D.N.Y. 1991).

Absent an improperly issued subpoena or an "adequate excuse" by the non-party, failure to comply with a subpoena made under Rule 45 may be deemed a contempt of the court from which the subpoena issued. Fed. R. Civ. P. 45(e); see Daval Steel Products v. M/V Fakredine, 951 F.2d 1357, 1364 (2d Cir. 1991). Indeed, the judicial power to hold a non-party who has failed to obey a valid subpoena in contempt is the primary mechanism by which a court can enforce a subpoena. See David D. Siegel, Fed. R. Civ. P. 45, Practice Commentaries, C45-26.

A. Eloise Headley

As set forth in plaintiffs' motion papers, Ms. Headley failed to appear for deposition on either date set forth in two separate subpoenas served upon her. See Wright Aff. at ¶¶ 260-66, Exhs. BB, DD. Specifically, plaintiffs personally served Eloise Headley with a subpoena at her home on July 9, 2009. However, she did not appear for the scheduled deposition on July 30, 2009. Although a second subpoena was mailed to Ms. Headley by certified mail at her residence on September 19, 2009, Ms. Headley failed to appear at a deposition scheduled for October 9, 2009.

Having examined the affidavits of service, see Wright Aff., Exhs. BB, DD, the Court finds that the subpoenas were valid and properly served upon non-party Eloise Headley. Ms. Headley has

not responded to the subpoena or otherwise offered any reason for her non-compliance. However, as noted above, there is no indication whether plaintiffs served Ms. Headley with their motion papers. Given the length of the motion papers, which primarily concern other matters than the motion to compel compliance with subpoenas, the plaintiffs may very well have neglected to do so.

Thus, this component of the motion to compel is denied without prejudice. Notwithstanding the denial of the motion to compel, Eloise Headley is warned that she is required to comply with the subpoena served on her. Ms. Headley should <u>immediately</u> contact plaintiffs' counsel, Richard Wright, to discuss compliance with the subpoena. If she fails to do so, she could be subject to contempt proceedings for failure to respond to the subpoena and this order. If a deponent is found to be in contempt of the subpoena or this order, she could be subject to sanctions, including imposition of a monetary fine, attorneys' fees and costs. If the failure to comply continues, the Court could issue a warrant of arrest for failure to comply.

    B.    <u>Mphahlele Lukman</u>

As set forth in plaintiffs' motion papers, Mphahele Lukman failed to appear for his deposition on the dates set forth in two subpoenas issued to him. <u>See</u> Wright Aff. at ¶¶ 267-72, Exhs. GG, II. Specifically, non-party Mphahele Lukman was served subpoenas when the first subpoena was affixed to his door and

mailed to him after three attempts to serve him personally and the second subpoena was mailed to him by certified mail at his home. Having examined the affidavits of service, see Wright Aff., Exhs. GG, II, the Court finds that the subpoenas were valid and properly served upon Mr. Lukman.

This Court agrees with the reasoning of the courts in the Second Circuit holding that Rule 45 requires only delivery which reasonably ensures actual receipt by a witness. See, e.g., JP Morgan Chase Bank, N.A. v. IDW Group, LLC, 08 Civ. 9116, 2009 WL 1313259, at *2-3 (S.D.N.Y. May 11, 2009) (service of subpoena by certified mail, leaving a copy with person of suitable age and discretion); Medical Diagnostic Imaging, PLLC v. CareCore Nat., LLC, Nos. 06 Civ. 7764, 2008 WL 3833238, at *2-3 (S.D.N.Y. Aug. 15, 2008) (service of subpoena by mail and at place of business through agent); Ultradent Products, Inc. v. Hayman, No. 8-85, 2002 WL 31119425, at *3-4 (S.D.N.Y. Sept. 24, 2002) (service of subpoena by certified mail); Catskill Dev., LLC v. Park Place Ent'mt Corp., 206 F.R.D. 78, 84 n.5 (S.D.N.Y. 2002) (substitute service followed by mailing); Cordius Trust v. Kummerfeld, 99 Civ. 3200, 2000 WL 10268, at *1 (S.D.N.Y. Jan. 3, 2000); First City, Texas-Houston v. Rafidain Bank, 197 F.R.D. 250, 255 (S.D.N.Y. 2000), aff'd, 281 F.3d 48 (2d Cir. 2002); King v. Crown Plastering Corp., 170 F.R.D. 355, 356 n.1 (E.D.N.Y. 1997) (any means of service in accordance with New York procedural law sufficient to satisfy Rule 45 requirements). Non-party Mphahlele

Lukman has not responded to the subpoena or otherwise offered any reason for not complying.

However, as discussed, there is no proof that plaintiffs served Mr. Lukman with this motion. Therefore, the plaintiffs' motion to compel Mphahlele Lukman to comply with subpoenas served upon him is denied without prejudice. Even though this Court is denying the motion at this time, the Court warns Mr. Lukman that he should comply with the subpoena and contact plaintiffs' counsel promptly to schedule a deposition. As discussed more fully above, a subpoena is considered an order of the court and a failure to comply could lead to a finding of contempt and/or sanctions, including a monetary fine, fees and costs.

C. Emmanuel Baptiste and Liesa Millington

As set forth in plaintiffs' motion papers, Emmanuel Baptiste and Liesa Millington failed to appear for their respective depositions on the dates set forth in subpoenas issued to them. See Wright Aff. at ¶¶ 280-85, Exh. MM. According to plaintiffs, Emmanuel Baptiste and Liesa Millington were served subpoenas by certified mail at their home, which they co-habit. Although plaintiffs did not attach certified mail receipts for the subpoenas allegedly sent to Mr. Baptiste and Liesa Millington, plaintiffs state that Ms. Millington contacted plaintiffs' counsel to reschedule her deposition. Thus, it is reasonable to assume that both Ms. Millington and Mr. Baptiste received the subpoenas served upon them. However, neither Emmanuel Baptiste

nor Liesa Millington have complied with the subpoenas or otherwise offered any reason for not complying.

As with the case of the other subpoenaed non-parties who are the subjects of this motion, there is no indication that plaintiffs served the motion to compel upon Liesa Millington or Emmanuel Baptiste. Thus, the motion to compel is denied without prejudice to renewal. Ms. Millington and Mr. Baptiste are advised that they have an obligation to comply with subpoenas served upon them, as discussed above. If they fail to comply, they could be subject to a finding of contempt and/or sanctions, including a monetary fine, fees and costs.

A copy of this order is being mailed to the six non-parties at the addresses indicated below.

## CONCLUSION

For the reasons discussed above, the motion to compel is granted in part and denied in part as follows:

1. That part of plaintiffs' motion to compel Leila Millington to provide a handwriting exemplar is granted and she must contact plaintiffs' counsel by January 29, 2010 to make arrangements to appear at the handwriting expert's office.

2. That part of plaintiffs' motion to compel the deposition of Ilene Mials is denied.

3. That part of plaintiffs' motion to compel depositions of Eloise Headley, Liesa Millington, Emmanuel Baptiste and Mphahlele Lukman is denied without prejudice.

The Court will mail a copy of this order to all the non-parties listed above. In addition, the Court will include a copy of plaintiffs' original notice of motion and pages 1 and 40-44 of the Attorney's Affirmation in support of the motion. All future motions to compel compliance with subpoenas will be summarily denied if the moving party fails to file proof of service of the motion on the subpoenaed party and a description of efforts to resolve the motion prior to seeking Court intervention.

    **SO ORDERED.**

Dated:    Brooklyn, New York
           January 13, 2010

                                    __/s/_____
                                    MARILYN D. GO
                                    UNITED STATES MAGISTRATE JUDGE

<u>By mail to:</u>

ELOISE HEADLEY
50 East 19th Street, Apt. D8
Brooklyn, NY 11226

EMMANUEL BAPTISTE
1255 Hornberger Avenue
Roebling, New Jersey 08554-1605

LEILA MILLINGTON
1255 Hornberger Avenue
Roebling, New Jersey 08554-1605

ILENE MIALS
267 East 48th Street
Brooklyn, New York 11203

MPHAHLELE LUKMAN
275 Linden Boulevard, Apt E7
Brooklyn, New York 11226

LEILA MILLINGTON
1185 East 51st Street
Brooklyn, New York 11234