**MINUTE ORDER**

**Beare, as Executrix v. Millington**, 07cv3391 (**ERK**)(**MDG**)

    This order recapitulates the rulings made on the record at a conference on January 13, 2009 regarding plaintiffs' motion to compel [69] which is largely granted as follows.

    1. As previously ordered by the Court, defendant must immediately provide medical authorizations for full medical records for 1/1/09 to present and provide by 2/3/09 contact information for the landscaping company she employed to work on the property at issue.

    2. Defendant must also immediately provide authorizations for her academic and employment records from Temple University's dental school as requested in document request numbers 7-9, but excluding any records pertaining to any litigation between defendant and other parties.

    3. As to plaintiffs' document request numbers 1-6 and 10-21 and interrogatory numbers 2 and 5-16, defendant shall supplement her responses by 2/3/10. To the extent that defendant is relying on documents that were previously disclosed pursuant to informal settlement discussions, that production does not relieve her of her obligation to respond to plaintiff's formal discovery requests. The defendant is warned that she will be precluded from offering evidence in this action that she has failed to produce in discovery or that is closely related to information she has failed to disclose. For example, since defendant responded that she does not know the name and address of Rudy Headley's home improvement business, she will be precluded from offering Mr. Headley's testimony regarding renovations he performed on the decedent's property. However, plaintiffs shall not be precluded from challenging defendant's failure to produce such information to the extent relevant.

    **SO ORDERED.**

Dated:    Brooklyn, New York
           January 14, 2010

                                      /s/
                                      MARILYN D. GO
                                      UNITED STATES MAGISTRATE JUDGE