## ORDER
## Beare v. Millington, 07-cv-3391 (ERK) (MDG)

This application addresses two applications made by defendant.

1.    The motion of Paul Golden of Hagan, Coury & Associates to withdraw as counsel for defendant Millington (ct. doc. 91) is denied without prejudice.  "Non-payment of legal fees, without more, is not usually a sufficient basis to permit an attorney to withdraw from representation."  <u>United States v. Revere Armored, Inc.</u>, 131 F.3d 132 (table), 1997 WL 794460, at *3 (2d Cir. Dec. 30, 1997); <u>see</u> <u>Lapidus v. Roadmaster Corp.</u>, No. 96-CV-1678, 2001 WL 66306, at *2 (N.D.N.Y. Jan. 18, 2001); <u>Federal Home Loan Mortgage Corp. v. 41-50 78th St. Corp.</u>, No. 92-CV-5692, 1997 WL 177862, at *4 (E.D.N.Y. April 4, 1997).  Counsel claims that the defendant "has failed to make payment . . . for nearly 90 days." Affirmation of Paul Golden dated June 28, 2010 at ¶ 4 (ct. doc. 91-1).  Based on the record presented, I cannot find that there has been a deliberate refusal to pay fees or that the defendant will be unable to pay counsel's fees.  <u>See</u> <u>Lapidus</u>, 2001 WL 66306, at *3; <u>Federal Home</u>, 1997 WL 177862, at *4; <u>Rophaiel v. Alken Murray Corp.</u>, 94 Civ. 9064, 1996 WL 306457, at *1 (S.D.N.Y. June 7, 1996); <u>Farr Man Coffee, Inc. v. M/S Bernhard S</u>, No. 87 CIV. 1267, 1989 WL 31529, at *1 (S.D.N.Y. March 28, 1989).  Nor has counsel shown that the defendant's failure to pay has created a significant economic burden on his firm.  <u>See</u> <u>Federal Home</u>, 1997 WL 177862, at *4 (granting withdrawal, in part, because unpaid representation had become "severe financial hardship" to firm); <u>In re Albert</u>, 277 B.R. 38, 46 (Bankr. S.D.N.Y.  2002); <u>In re Meyers</u>, 120 B.R. 751, 751 (Bankr. S.D.N.Y. 1990).

2.    The defendant's motion to adjourn the next conference (ct. doc. 90) is granted to 8/4/10 at 10:00 a.m.  The plaintiff must serve her proposed stipulated facts by 7/6/10 and the proposed JPTO must be submitted to the Court by 7/30/10.  Counsel for defendant is warned that he is expected to continue to work actively on this action until such time as the Court grants his motion to withdraw.  Similarly, defendant must cooperate with her counsel in completion of the proposed joint pretrial order.

    **SO ORDERED.**

Dated:    Brooklyn, New York
          June 29, 2010

                          _____/s/_____
                          MARILYN D. GO
                          UNITED STATES MAGISTRATE JUDGE