UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - X

The Decedent, LEATRICE HARRIS, by and
through her Executrix, JENNIFER BEARE
and Administrator C.T.A., RICHARD
WRIGHT,                                              ORDER

                    Plaintiff,         CV 2007-3391(TLM)(MDG)


          - against -


ZSA ZSA MILLINGTON,

                    Defendant.

- - - - - - - - - - - - - - - - - - X

This order concerns a subpoena served
on:

          Mphahlele Lukman

- - - - - - - - - - - - - - - - - - X


     Plaintiff moves for certification of contempt pursuant to 28

U.S.C. § 636(e) as to Mphalele Lukman ("Lukman"), a non-party,

for failing to comply with subpoenas served upon him and several

orders of this Court.  No opposition has been received from

Lukman nor did he appear at a Show Cause hearing held on June 27,

2012.  However, the Court denies without prejudice plaintiff's

motion for failure to comply with Local Rule 83.6 of this Court.

     Rule 83.6 provides that "a proceeding to adjudicate a person

in civil contempt . . . shall be commenced by the service of a

notice of motion or order to show cause."  Local Civ. R. 83.6.

Where the alleged contemnor has not yet appeared in the action by an attorney, he must be served "personally, together with a copy of this Local Civil Rule 83.6, in the manner provided for by the Federal Rules of Civil Procedure for the service of a summons." Id. Mr. Lukman has not appeared by an attorney or otherwise. Accordingly, he should have been served with the motion for contempt as if he were being served with a summons and complaint. Instead, he was served by certified mail, return receipt requested. See ct. doc. 144. Service by mail is not sufficient service under Rule 4 of the Federal Rules of Civil Procedure or section 308 of the New York Civil Procedure Law and Rules, which is incorporated into Rule 4. Even if the alleged contemnor received actual notice, Rule 83.6 requires personal service. See Drywall Tapers & Pointers of Greater N.Y. Local 1974 of I.B.P.A.T. AFL-CIO v. Local 530 of Operative Plasterers & Cement Masons Int'l Ass'n, 889 F.2d 389, 397-98 (2d Cir. 1989); N.Y. City District Council of Carpenters Pension Fund v. G&M Drywall Sys. Inc., 2010 WL 2291490, at *15 (S.D.N.Y. 2010).

Therefore, plaintiff must personally serve Mr. Lukman by July 31, 2012 with a copy of its contempt motion papers in accordance with Rule 83.6 of the Local Civil Rules which mandates that "service shall be made personally, in the manner provided for by the Federal Rules of Civil Procedure for the service of a summons." Plaintiff must also serve Mr. Lukman with copies of this order, the subpoenas previously served on him on July 9, 2009 and April 26, 2012, the text of Rule 45(c) and (d) of the

-2-

Federal Rules of Civil Procedure as required by Rule 45(a) and witness fees and mileage as required by Rule 45(b)(1).

Upon further review of the subpoenas served on Mr. Lukman on July 9, 2009 and April 26, 2012, this Court notes that plaintiff's counsel has used a form different from the recommended national form AO88A (subpoena to testify at a deposition in a civil action) posted on this Court's website. The form of the subpoenas used by plaintiff does not comply with the requirements of Rule 45(a) which provides that every subpoena "set forth the text of subdivisions (c) and (d) of this rule." Fed. R. Civ. P. 45(a)(1)(D).  Subdivision (c) states the rights of a person subjected to a subpoena, including the protection from undue burden or expense in connection with the subpoena and sets forth the grounds on which a subpoena may be quashed. Subdivision (d) lists the duties of a person responding to a subpoena.  Although the failure to set forth the text of subdivisions (c) and (d) in a subpoena is not among the enumerated grounds for which a subpoena may be quashed, <u>see</u> Fed. R. Civ. P. 45(c)(3)(A), it is important for a witness to be informed of their rights to contest the subpoena.  On the other hand, absent a showing of prejudice to Lukman arising from the failure to include subdivisions (c) and (d) in the subpoena, this is no basis to have quashed the subpoena.  <u>See</u> <u>Elam v. Ryder Automotive Operations, Inc.</u>, 179 F.R.D. 413 (W.D.N.Y. 1998). There is no prejudice here since Mr. Lukman has not only failed to respond to the two subpoenas served upon him, but he also

-3-

failed to comply with the orders of this Court. In the orders, this Court warned Mr. Lukman of the consequences of non-compliance and gave him multiple opportunities to challenge the subpoenas before the Court. He has failed to do so.

Next, as was brought out at the hearing held on June 27, 2012, the subpoena served on Mr. Lukman on April 26, 2012 did not include the required witness fee and mileage. See Transcript of Hearing at 20. Rule 45 requires simultaneous service of the witness fee and mileage with service of the subpoena where a witness' attendance is required and that requirement is strictly enforced. See Xstrata Canada Corp. v. Advanced Recycling Tech., Inc., 2010 WL 4609302, at *4 (N.D.N.Y. 2010) (collecting cases). However, such a fee was tendered when the first subpoena was served on Mr. Lukman on July 9, 2009. See ct. doc. 69 at Exh. GG.

Nevertheless, even if this Court's orders requiring Mr. Lukman to comply with the subpoenas served upon him were improvidently issued, it does not excuse Mr. Lukman's failures to comply. Under the collateral bar doctrine, a person may not challenge a court's order by violating it. See In re Criminal Contempt Proceedings Against Crawford, 329 F.3d 131, 138-39 (2d Cir. 2003); U.S. v. Cutler, 58 F.3d 825, 832 (2d Cir. 1995). If a person fails to comply with an order and is held in contempt, he may not challenge the order unless it was transparently invalid or exceeded the court's jurisdiction. See Cutler, 58 F.3d at 832; see also U.S. Catholic Conference v. Abortion Rights

-4-

Mobilization, Inc., 487 U.S. 72, 78 (1988) ("civil contempt order may depend upon jurisdiction of the court").

This Court cannot help but observe that Mr. Lukman's failure to respond to the many subpoenas and orders is not unlike the behavior of a number of other witnesses named by defendant that plaintiff has sought to depose. Despite efforts by this Court urging defendant to assist in getting her witnesses to cooperate in discovery, many, if not all, did not. As a result, plaintiff filed a number of motions to compel subpoenas against defendant's witnesses, including defendant's husband, mother, sister and purported close friends. See ct. docs. 46-48, 49, 58, 59, 67, 69, 72, 78, 82, 86, 95, 98, 133; minute entries dated 8/14/09, 11/10/09. In addition, plaintiff also filed a number of motions to compel defendant for failing to provide discovery. Ct. docs. 46-48, 69, 73, 133; minute entries dated 8/14/09, 11/10/09, 5/18/12. Ultimately, plaintiff prevailed for the most part in her motions and was able to conduct the discovery sought.

The problem in procuring Mr. Lukman's compliance has been compounded by uncertainty over his address. Although defendant filed an affidavit signed by Mr. Lukman in 2009 (ct. docs. 45 at Exh. F, 142-2) and apparently has known Mr. Lukman since at least 1997 (106-3), she then claimed at a hearing on September 24, 2010 that Mr. Lukman no longer resided at the address where he had been served. Ct. doc. 98. When directed to provide current information regarding Mr. Lukman's residence, defendant provided an affidavit in which she stated that while Mr. Lukman used to

-5-

live at the Mount Laurel, New Jersey address where he has been
served, she believed that he no longer lived there but she did
not know where he currently lived.  Ct. doc. 104.  Defendant has
also confirmed in a letter dated October 25, 2011, that Lukman's
last known address is 196 Knotty Oak Drive, Mount Laurel, NJ
08054.  See ct. doc. 130.  Despite claiming not to be in touch
with Mr. Lukman, defendant was unwilling to forego his testimony
at trial.  Under these circumstances, it strains credulity that
defendant knows where Mr. Lukman does not reside without knowing
where he does reside.

On the other hand, none of this Court's orders mailed to the
Mount Laurel address have been returned and Mr. Lukman has
registered that address with the New Jersey Motor Vehicle
Commission.  Thus, this Court will permit plaintiff's application
to proceed and will give Mr. Lukman one last opportunity to show
cause why he should not be certified to be in contempt of court.

**NOW, THEREFORE**, upon the said application and prior
proceedings and documents filed herein; it is

**ORDERED,** that **MPHAHLELE LUKMAN** show cause before Magistrate
Judge Marilyn D. Go in Courtroom 11C, United States Courthouse,
225 Cadman Plaza East, Brooklyn, New York on August 20, 2012 at
11:30 a.m., or as soon thereafter as counsel can be heard, why he
should not be certified to be in contempt of court for failure to
comply with the orders and subpoenas discussed above and subject

to the other relief requested by plaintiffs;[1] and it is further

      **ORDERED** that any opposition shall be submitted to this Court

by August 14, 2012.

      SO ORDERED.


Dated:      Brooklyn, New York
             July 16, 2012

                                              _____/s/_____
                                              MARILYN D. GO
                                              United States Magistrate Judge

---

[1] An evidentiary hearing will not be held absent demand by Mr. Lukman and a factual dispute raised by him.  <u>See</u> Local Civil Rule 83.6(b).